| | |
|---|---|
| 1 | PAUL GROSSMAN (SB# 035959) |
| 2 | paulgrossman@paulhastings.com<br>DONNA M. MELBY (SB# 86417) |
| 3 | DONNAMELBY@PAULHASTINGS.COM<br>CHRIS A. JALIAN (SB# 295564) |
| 4 | CHRISJALIAN@PAULHASTINGS.COM<br>PAUL HASTINGS LLP |
| 5 | 515 South Flower Street, 25th Floor<br>Los Angeles, California 90071-2228 |
| 6 | Telephone: (213) 683-6000 |
| 7 | DUANE H. ZOBRIST (SB# 43813) |
| 8 | dzobrist@zoblaw.com<br>ZOBLAW |
| 9 | 1900 Arlington Boulevard, Suite B<br>Charlottesville, Virginia 22903 |
| 10 | Telephone: (434) 977-9666 |
| 11 | Attorneys for Defendants<br>GRUMA CORPORATION; |
| 12 | SMART & FINAL STORES, INC.; and<br>STATER BROS. MARKETS |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITYWIDE CONSULTANTS & FOOD MANAGEMENT, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GRUMA CORPORATION, a Nevada corporation, dba MISSION FOODS CORPORATION; SMART & FINAL STORES, INC.; STATER BROS. MARKETS; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-4724<br><br>**DEFENDANTS GRUMA CORPORATION'S, SMART & FINAL STORES, INC.'S AND STATER BROS. MARKETS' NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Los Angeles County Superior Court, No. 19STCV10106 |

To the Clerk of the Court, Plaintiff Citywide Consultants & Food Management, LLC, and Plaintiff's attorneys of record:

PLEASE TAKE NOTICE that defendants Gruma Corporation ("Gruma"), Smart & Final Stores, Inc. ("Smart & Final"), and Stater Bros. Markets ("Stater Bros.") hereby remove this action from the Superior Court of California in and for the County of Los Angeles (the "Superior Court") to this Court, based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332 (as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 4(a), 119 Stat. 9). In support of removal, Defendants allege as follows:

1. On March 26, 2019, Plaintiff Citywide Consultants & Food Management, LLC ("Plaintiff") filed a putative class action complaint ("Complaint" or "Cmplt.") in the Superior Court entitled: "*Citywide Consultants & Food Management, LLC, on behalf of himself and all others similarly situated, Plaintiffs, vs. Gruma Corporation, a Nevada corporation, dba Mission Foods Corporation; Smart & Final Stores, Inc.; Stater Bros. Markets; and DOES 1 through 100, inclusive, Defendants,*" No. 19STCV10106 (the "Action"). The allegations in the Complaint are incorporated into this notice by reference without admitting the truth of any of them.

2. The Complaint asserts two causes of action for (1) violation of the Cartwright Act (Business and Professions Code section 16720, *et seq*.); and (2) unlawful business practices (Business and Professions Code section 17200, *et seq*.) Plaintiff purports to bring these claims on behalf of himself and a class of "all persons or entities who, between four years before the date of this complaint's filing through the present and continuing to the time of trial (the 'Class Period'), are or were signatories to an agreement with Gruma for the distribution of Products within California" (the "Putative Class" or the "Putative Class Members"). Cmplt., ¶ 10.

-1-

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 98348429.2

3. On May 10, 2019, Plaintiff effected service of process on Gruma, Smart & Final, and Stater Bros. the following: Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; Voluntary Efficient Litigation Stipulations (attaching: Stipulation – Early Organizational Meeting (blank); Stipulation – Discovery Resolution (blank); Stipulation and Order – Motions in Limine (blank); Informal Discovery Conference (blank)); the Alternative Dispute Resolution (ADR) Information Packet; May 2, 2019 Minute Order; and the Initial Status Conference Order. Declaration of Paul Grossman ("Grossman Decl.") ¶ 2. True and correct copies of these documents are attached to this notice as Exhibits A-I, respectively.

4. On May 22, 2019, Plaintiff filed in the Superior Court (i) Proof of Service of Summons on Gruma; (ii) Proof of Service of Summons on Smart & Final Stores, Inc.; and (iii) Proof of Service of Summons on Stater Bros. True and correct copies of these Proofs of Service are attached to this notice as Exhibits J-L, respectively.

5. Exhibits A-L constitute all process, pleadings, and orders served on or by Gruma, Smart & Final and Stater Bros. in this action.

6. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court. Grossman Decl. ¶ 3. True and correct copies of the Notice to Adverse Party of Removal of Civil Action and the Notice to Superior Court of Removal of Civil Action are attached hereto as Exhibits P and Q, respectively; Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

7. This notice of removal is effected properly and timely pursuant to 28 U.S.C. section 1446(b), as it is filed within 30 days after Gruma, Smart & Final, and Stater Bros. were served with the summons and Complaint in the Action.

1  8. Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

## Removal Is Proper Under CAFA

9. The Action is properly removed to this Court under the amended rules for diversity of citizenship jurisdiction under CAFA. CAFA amended 28 U.S.C. section 1332 to provide that a putative class action is removable to federal court if (a) any member of a class of plaintiffs is a citizen of a state different from any defendant; (b) the proposed class members number at least 100; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). Each of these requirements is met in this Action.

### *Minimal Diversity Exists*

10. Minimal diversity under CAFA requires only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Akopian v. VW Credit, Inc.*, No. 2:12-CV-8679-SVW-RZ, 2012 WL 12884413, at *3 (C.D. Cal. Dec. 19, 2012) (citation omitted) (denying motion to remand); *Tuttle v. Sky Bell Asset Mgmt., LLC*, No. C 10-03588 WHA, 2011 WL 208060, at *4 (N.D. Cal. Jan. 21, 2011) (citation omitted) (denying renewed motion to remand; "In order to satisfy the minimal diversity required by CAFA, defendants must show that 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'"). Here, numerous Putative Class Members are diverse from Gruma.

11. An individual is deemed a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by her state of domicile[.]"). A plaintiff's place of residency is evidence of domicile absent affirmative allegations to the contrary. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Smith v. Simmons,* 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (noting that "maintaining a place of

residence provides a 'prima facie' case of domicile"). The Putative Class consists of numerous individuals that are domiciled in California. *See* Declaration of Ron Anderson ("Anderson Decl.") ¶ 4.

12. For purposes of determining diversity of citizenship, a corporation is deemed a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

13. Gruma is now, and was at the time this action was commenced, a citizen of Nevada and Texas within the meaning of 28 U.S.C. § 1332(c)(1), as follows: First, Gruma now and at all material times has been incorporated under the laws of Nevada. Anderson Decl. ¶ 5. Second, on and before the date this action was commenced, Gruma's corporate headquarters, the place where the majority of its corporate books and records are located, and where the majority of its executive and administration functions (including, but not limited to, operations, corporate finance, accounting, marketing, legal, and information systems) are and have been performed is Irving, Texas. *Id*. at ¶ 6. Further, Gruma's corporate officers (including but not limited to its Chairman, Chief Financial Officer, General Counsel, Corporate Secretary, and Treasurer) work and have worked out of its Irving, Texas headquarters, and Gruma's corporate activities in the United States have been directed, controlled, and coordinated from there at all relevant times. *Id*. at ¶ 7. Last, from March 26, 2015 through the present, Gruma has not been incorporated in California and has not had its headquarters, executive offices, or officers based in California. *Id*. at ¶ 8. It has never maintained a principal place of business in California. *Id*. Thus, under the "nerve center" test, Gruma is a citizen of the State of Texas.

14. Accordingly, because the citizenship of at least one defendant – Gruma – is diverse from the citizenship of numerous Putative Class Members, the minimal diversity requirements of CAFA are satisfied.

<u>
</u>

### *The Putative Class Members Number at Least 100*

15. The Putative Class Members include "all persons or entities who [during the Class Period], are or were signatories to an agreement with Gruma for the distribution of Products within California." Cmplt., ¶ 10.

16. Since March 26, 2015 (the start of the putative class period), at least 601 individuals or entities have entered into an agreement with Gruma for the distribution of product within California.[1]  Anderson Decl. ¶ 9.  Accordingly, the requirement that the proposed class members number at least 100 is satisfied. *See also* Cmplt., ¶ 64(a) (alleging that the Putative Class consists of more than 100 individuals).

### *The Amount in Controversy Exceeds $5,000,000*

17. For purposes of removal, the amount in controversy is simply "an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (emphasis added).  The removing defendant's burden "is not 'daunting,'" and "a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (quoting *Muniz v. Pilot Travel Centers LLC*, No. Civ. S-07-0325 FCD EFB, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007)) (emphasis in original).  Moreover, under 28 U.S.C. § 1446(a), a notice of removal need only contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  Based on this language, the United States Supreme Court has held that a notice of removal need only include a "*plausible allegation* that the amount in controversy exceeds the jurisdictional threshold" – the notice "need not contain

---

[1] The 601 Putative Class Members distribute and sell Gruma's product to 945 unique distribution territories in California; as such, some Putative Class Members are parties to two or more distribution agreements. Anderson Decl. ¶ 9.

evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 554 (Dec. 15, 2014) (emphasis added).

18. Without admitting that Plaintiff and/or the purported class could recover or are entitled to *any* damages or injunctive relief, the amount in controversy in this action exceeds $5,000,000, as set forth below.

19. Gruma is a bakery. It is the world's largest bakery producing tortillas and tortilla chips. Cmplt. ¶ 73. The Putative Class consists of independent distributors who sell and deliver Gruma's product to markets. *Id*. at ¶¶ 58, 74-78. Plaintiff alleges Gruma's independent distributor model, which purportedly required Putative Class Members to sell product at prices pre-determined by Gruma, resulted in vertical price-fixing. Cmplt. ¶¶ 58, 74-78. As a result, Plaintiff contends that by "not being able to raise prices . . . Class Members' potential profits are reduced." *See* Cmplt. ¶ 50. Plaintiff claims that it and the Putative Class Members "lost money or property," and seeks, *inter alia*, compensatory damages, statutory treble damages, punitive damages, and disgorgement of Defendants' profits. *See* Cmplt. ¶ 11, Prayer for Relief.

20. Between 2015 and 2018, Plaintiff's gross sales from the sale of Gruma's product in its single geographic territory were roughly $1,468,910.10. Anderson Decl. ¶ 10. Plaintiff, however, does not allege nor specify the amount of its lost profits or what, if any, additional profit it could have achieved but for Gruma's alleged practices. However, assuming that Gruma's alleged practices resulted in a 1% decrease in Plaintiff's sales prices, Plaintiff's damages are $14,689.10. Assuming further that the 601 Putative Class Member purportedly suffered a similar loss with respect to each of the 945 unique distribution territories, the amount in controversy is at least **$13,881,200.44**. This figure does not take into consideration Plaintiff's gross sales from 2019, disgorgement of Gruma's profits, the value of any lost property allegedly resulting from "not being able to lower

-6-

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

1  prices to move inventory," (see Cmplt. ¶ 50), treble damages, attorneys' fees,
2  and/or punitive damages.

3      21.    Moreover, in a similar lawsuit filed in the Los Angeles Superior Court
4  by Plaintiff's counsel on behalf of independent baked goods distributors against a
5  bakery,[2] Plaintiff's counsel represented to the Court that the damages recoverable
6  by approximately 570 independent baked goods distributors ranged between
7  $60,000,000 and $177,000,000, without treble damages. Defendants' Request for
8  Judicial Notice ("RJN"), Ex. 1 at 16. Plaintiff's counsel further represented that
9  each independent baked goods distributor's potential range of recovery would be
10 $193,000 to $556,000 if the case were to go to trial. *Id*.

11     22.    Here, assuming the Putative Class Members can recover even five
12 percent (5%) of the minimum damages Plaintiff's counsel previously represented
13 were recoverable by independent distributors ($193,000) in a similar antitrust class
14 action, the total minimum amount in controversy is no less than **$9,119,250**.[3] This
15 amount is understated, as it does not account for any potential recovery based on
16 treble damages, attorneys' fees, and/or interest. Taking those alleged and sought
17 damages into account would substantially increase the amount in controversy.

18     23.    Accordingly, the amount in controversy exceeds the jurisdictional
19 threshold for removal under CAFA.

---

[2] In *Phairoj Kaewsawang, etc., et al. v. Sara Lee Fresh, Inc., et al.*, Los Angeles Superior Court, Case No. 360109, plaintiffs, on behalf of themselves and a putative class of comprised of independent baked goods distributors that were signatories to distribution agreements with Sara Lee Fresh, alleged that Sara Lee Fresh engaged in vertical price-fixing in violation of California's Cartwright Act by purportedly requiring independent baked goods distributors to sell product to chain stores at prices pre-determined by Sara Lee Fresh. RJN, Ex. 1, at 11-13.

[3] Five percent (5%) of $193,000 is $9,650 ($193,000 * .05). Accordingly, if the 601 Putative Class Members could recover $9,650 for each of the 945 unique geographic distribution territories, the total potential recovery is $9,119,250.00 ($9,650 * 945).

-7-  DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 98348429.2

24. In setting forth these calculations, Defendants do not admit that Plaintiff or any other person is owed any additional wages; or that Defendants are liable to Plaintiff or any other person in any amount or for any relief. On the contrary, Defendants deny that they are liable to Plaintiff or any other person in any amount and for any relief.

25. Based on the foregoing, all requirements under 28 U.S.C. section 1332(d) are satisfied and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction under CAFA.

Dated: May 29, 2019

PAUL HASTINGS LLP
PAUL GROSSMAN
DONNA M. MELBY
CHRIS A. JALIAN

ZOBLAW
DUANE H. ZOBRIST

By:  */s/ Paul Grossman*
         PAUL GROSSMAN

Attorneys for Defendants
GRUMA ENTERPRISES, INC.;
SMART & FINAL STORES, INC.; AND
STATER BROS. MARKETS

-8- DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 98348429.2