UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITYWIDE CONSULTANTS & FOOD MANAGEMENT, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GRUMA CORPORATION, a Nevada corporation, dba MISSION FOODS CORPORATION; SMART & FINAL STORES, INC.; STATER BROS. MARKETS; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV19-04724 DSF (AFMx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

On March 2, 2020, at 1:30 p.m., in Courtroom 7D of the above-entitled Court, Plaintiff's Motion for Preliminary Approval of Class Action Settlement came on regularly for hearing. Jeffrey K. Compton and Daria Carlson of Markun Zusman Freniere & Compton, LLP, and Jonathan Weiss of the Law Offices of Jonathan Weiss appeared for Plaintiff and the proposed class. Paul Grossman of Paul Hastings LLP appeared for Defendants.

At the hearing, the Court suggested certain revisions to the form of Notice of Proposed Class Action Settlement. A revised Notice having now been submitted to and approved by the Court, and the Court having considered the Motion and all supporting evidence, and good cause appearing:

IT IS ORDERED:

1. **The Motion is Granted.** The Motion is granted in its entirety and the Stipulation of Class Action and PAGA Settlement and Release (the Stipulation) is preliminarily approved.

The Court finds that the proposed settlement is fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e)(2) because: (1) the class representatives and class counsel have adequately represented the class; (2) the settlement was negotiated at arm's length; (3) the relief provided for the class is adequate, taking into account: (a) the costs, risks, and delay of trial and appeal; (b) the proposed method of distributing relief to the class, including the method of processing class-member claims, is effective; (c) the terms of the proposed award of attorney's fees, subject to the Court's approval, are reasonable; (d) the agreement is identified under Rule 23(e)(3); and (4) the settlement treats class members equitably relative to each other.

The Court further finds there is no evidence of collusion because: (1) counsel will not receive a disproportionate distribution of the settlement; (2) although the parties have negotiated a "clear sailing" arrangement, it does not evidence collusion; and (3) there is no reverter that returns unclaimed funds to the

1  defendant.

2      2. **Conditional Certification.** The Court provisionally certifies the
3  proposed class of all persons or entities who/that are or were signatories to an
4  agreement with Gruma for the distribution of Gruma's product within California
5  from March 26, 2015, through preliminary approval, in addition to their owners,
6  proprietors, partners and/or members. (the Class or Class Members) for
7  settlement purposes only.

8      The Court finds that Rule 23(a) is satisfied because: (1) the class is so
9  numerous that joinder would be impracticable; (2) there are questions of law or
10 fact common to the class; (3) the named plaintiffs' claims are typical of the
11 claims of the proposed class; and (4) plaintiffs and their counsel will adequately
12 and fairly represent the interests of the class. The Court further finds that the
13 Rule 23(b)(3) requirements are satisfied because: (1) questions of law or fact
14 common to class members predominate over any questions affecting only
15 individual members, and (2) a class action is superior to other available methods
16 for fairly and efficiently adjudicating the controversy.

17     3. **Class Counsel.** The Court provisionally finds that Jeffrey K.
18 Compton and Daria Carlson of Markun Zusman Freniere & Compton, LLP, and
19 Jonathan Weiss of the Law Office of Jonathan Weiss are sufficiently experienced
20 and proficient in class action proceedings that they may act as class counsel for
21 purposes of approving the Stipulation.

22     4. **Class Representatives.** The Court provisionally appoints Citywide
23 Consultants & Food Management, Inc. and Randy H. Evans as class
24 representatives for purposes of approving the Stipulation.

25     5. **Settlement Administrator.** The Court provisionally appoints
26 Atticus Administration as Settlement Administrator to carry out settlement
27 administration duties as set forth in the Stipulation.

28     6. **Translation Service.** The Court provisionally appoints California

Interpreting & Translation to translate the Class Notice from English to Spanish.

7. **Class Notice.** The Revised proposed Notice of Class Action Settlement is approved, and shall be provided to the Class Members as set forth in the Stipulation.

8. **Final Approval.** A Final Approval Hearing is set for July 6, 2020 at 1:30 p.m. in Courtroom 7D. The date may be changed without further notice to the Class. Plaintiffs shall file a Motion for Final Approval no later than June 8, 2020.

9. IT IS FURTHER ORDERED that, if for any reason the Court does not execute and file an Order granting final approval, the Stipulation that is the subject of this Order, and all evidence and proceedings had in connection with them, shall be without prejudice to the status quo ante rights of the parties to the litigation, and this Order shall be rendered null and void and shall be vacated.

Date: March 5, 2020

_____
Dale S. Fischer
United States District Judge

4