JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITYWIDE CONSULTANTS & FOOD MANAGEMENT, LCC, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>GRUMA CORPORATION, a Nevada corporation, dba MISSION FOODS CORPORATION; SMART & FINAL STORES, INC.; STATER BROS. MARKETS; and DOES 1 through 100, inclusive,<br>*Defendants.* | Case No. 2:19-CV-04724-DSF (AFMx)<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT** |

The Plaintiff Class, as defined below, and Defendant Gruma Corporation have entered into an agreement to settle the above-captioned class action, subject to the Court's approval.

After a Preliminary Approval Hearing, this Court preliminarily approved the Settlement, finding it fair, reasonable, and adequate; provisionally certified the class and appointed representatives and class counsel; and approved the notice plan.

In compliance with the March 5, 2020, Preliminary Approval Order, the notice plan was timely completed.  A supplemental notice was sent allowing Class Members to object to the motion for attorneys' fees, costs, and Plaintiffs' service payment.

This matter is now before the Court on Plaintiffs' Motion for Final Approval of the Class Action Settlement and Plaintiffs' Motion for Approval of Attorneys' Fees, Costs, and Class Representative Enhancement (collectively, the Final Approval Motion).  The Court has read, heard, and considered the pleadings and documents submitted and the presentations made in connection with the March 2, 2020, Preliminary Approval Motion and the Final Approval Motion.  Considering the present circumstances facing the nation and Los Angeles in particular, and having received no objections to the settlement or opposition to the motion, the Court deems this matter appropriate for decision without oral argument, removes the matter from the Court's calendar, and finds as follows:

Rule 23(a) is satisfied because: (1) the class is so numerous that joinder would be impracticable; (2) there are questions of law and fact common to the class; (3) the named Plaintiffs' claims are typical of the claims of the Class; and (4) Plaintiffs and their counsel adequately and fairly represent the interests of the class.

Rule 23(b)(3) is satisfied because: (1) questions of law or fact common to Class Members predominate over any questions affecting only individual members, and (2) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

The settlement was entered into in good faith, was the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not

1  improperly grant preferential treatment to any individuals.

2      The attorneys' fees sought are in line with the Ninth Circuit's 25% benchmark for a reasonable fee award. *Staton v. Boeing*, 327 F.3d 938, 968 (9th Cir. 2003); *Vizcaino v. Microsoft*, 290 F.3d 1043, 1048 (9th Cir. 2002). No "unusual circumstances" justify a departure. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). Additionally, the fees are supported by the lodestar cross-check. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296-98 (9th Cir. 1994). The Court notes that counsel declined to bill for certain services that otherwise would be compensable, such as preparation of the fees motion. The Court need not make a finding as to the reasonableness of the hours spent or the hourly rates because counsel seeks no more than the Ninth Circuit benchmark and counsel are not to represent to any court, person, or entity that this Court has made such a finding.

    Counsel are qualified considering their experience litigating against Defendant Gruma in previous matters and their familiarity with antitrust law, wage and hour law, and complex class action litigation, enabling them to have obtained this settlement despite the class action waiver and arbitration provisions agreed to by every Class Member.

    Class Counsel's declaration, which includes supporting documents, supports the costs requested as reimbursement for funds expended on the Class' behalf.

    Based on the foregoing, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

    1.    This Court has jurisdiction over the claims of the settlement Class Members asserted in this proceeding and over all parties to the action.

    2.    For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated here by reference, this Court finds that the applicable requirements of Rule 23 have been satisfied with respect to the Settlement Class and the proposed settlement.

    3.    The Class Definition is: All persons or entities who/that are or were

1 signatories to an agreement with Defendant for the distribution of Defendant's Product
2 within California between March 26, 2015, through the Preliminary Approval Date
3 [March 5, 2020], in addition to their owners, proprietors, partners, and/or members.

4     4.    The Notice distributed to the Class Members fully and accurately informed
5 the Class Members of all material elements of the proposed settlement and of their
6 opportunity to object, opt out, or comment; was the best notice practicable under the
7 circumstances; was valid, due, and sufficient notice to all Class Members; and complied
8 fully with all applicable law and due process under the United States Constitution. The
9 Notice fairly and adequately described the settlement and provided Class Members
10 adequate instructions and a variety of means to obtain additional information. All
11 settlement Class Members who did not timely and properly opt out are bound by this
12 Judgment. The Supplemental Notice fairly gave Class Members an opportunity to object
13 to the motion for attorneys' fees, costs, and class representative enhancement.

14     5.    The following four Class Members timely opted out of the settlement:
15 Claudia E Maciel Gil, La Cuestita LLC, Guillermo Lopez, and Koala Coin Op LLC (c/o
16 Bernard Fung).

17     6.    The Court grants final approval to the settlement and finds that it is fair,
18 reasonable, and adequate, and in the best interests of the settlement Class Members as a
19 whole. The Court directs that the Parties perform in accordance with the Stipulation of
20 Class Action and PAGA Settlement and Release (the Stipulation) filed in this action at
21 Dkt. 22-3 and the following terms and conditions (capitalized terms not defined here have
22 the definition set forth in the Stipulation).

23     7.    Except as to the right to enforce the terms and conditions of this Judgment,
24 any and all Settling Class Members' claims against Gruma Corporation dba Mission
25 Foods and/or Guerrero Mexican Food Product, Smart & Final Stores, Inc., Stater Bros.
26 Markets, and any establishment to which Class Members sold Product, and all of their
27 respective current and former parents, subsidiaries, predecessors and successors, and
28 affiliated entities, and each of their respective officers, directors, employees, partners,

shareholders, and agents, and any other successors, assigns, or legal representatives (Released Parties – Stipulation, ¶ 1.32), that were asserted in the Operative Complaint through the date of this Judgment, including, without limitation, statutory, constitutional, contractual, and/or common law claims for antitrust violations under California or federal law, including but not limited to claims based on vertical price fixing, lost profits, breach of contract, unfair competition, treble damages, any claims under the California Labor Code and applicable Industrial Welfare Commission (IWC) Orders, including but not limited to claims based on Settlement Class Members' alleged misclassification as independent contractors for unpaid regular and/or overtime wages, meal period premiums, rest period premiums, expenses, interest, and/or statutory and civil penalties (including but not limited to penalties for failure to pay wages, underpayment of wages, late payment of wages, failure to provide accurate itemized statements or maintain records, and civil penalties (including civil penalties under PAGA)), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief (Released Claims – Stipulation, ¶ 1.31) are extinguished by this Judgment. This release shall be effective from March 26, 2015, through the date of this Judgment.

8.  In addition, all known and unknown claims by Plaintiffs Citywide and Evans, for itself/himself alone, against the Released Parties, including claims based on a distribution agreement with any one or more of the Released Parties, of every nature and description whatsoever, up to the date of this Judgment, including any known and unknown claim for antitrust violation under California or federal law, including, but not limited to, vertical price fixing, lost profits, breach of contract, unfair competition, treble damages, and any claims under the California Labor Code and applicable Industrial Welfare Commission Orders including but not limited to claims based on alleged misclassification as an independent contractor for unpaid regular and/or overtime wages, meal period premiums, rest period premiums, restitution, expenses, interest, liquidated damages and/or statutory and civil penalties (including but not limited to penalties for failure to pay wages, underpayment of wages, late payment of wages, failure to provide

accurate itemized statements or maintain records, expense reimbursement, and civil penalties (including civil penalties under the Private Attorneys' General Act)) are extinguished by this Judgment.

9. California Interpreting & Translation shall be paid $793.05 from the common fund for translating the Class Notice from English to Spanish.

10. Atticus Administration, LLC, shall be paid $17,755.00 from the common fund for administering the settlement, providing notice, distributing the settlement funds, and resolving any disputes raised by any Settlement Class Member.

11. The California Labor and Workforce Development Agency shall be paid $30,000 from the common fund. Class counsel be awarded fees of $1,243,256.53[1] and $26,973.87 in costs of litigation, which are fair and reasonable, and are to be paid from the common fund. The Settlement Administrator shall pay 90% of the above-stated attorney's fees (and 100% of the costs) to Class Counsel as provided in the Stipulation. The remaining 10% shall be paid when Class Counsel provides a declaration stating that all other terms of the settlement have been implemented, as well as a proposed order releasing the remainder of the fee award.

12. A single Class Representative Enhancement of $15,000[2] for the Class Representatives Citywide Consultants & Food Management, LLC, and Randy H. Evans, is fair and reasonable for their unique services and for a separate release of their personal claims, which are extinguished by this Judgment, and is to be paid from the common fund.

13. Without affecting the finality of this matter, this Court shall retain exclusive

---

[1] The Court deducted the costs from the net settlement amount before calculating the fee award.

[2] The nature of the case and the extent and quality of the assistance provided to counsel by the Class Representative is unique compared to other wage and hour cases in the Court's experience and justifies a higher enhancement than would ordinarily be awarded.

and continuing jurisdiction over this action and the parties, including all settlement Class Members, for purposes of supervising, administering, implementing, enforcing, and interpreting the settlement and the claims process.

IT IS SO ORDERED.

DATED: July 1, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE